## 9323

### HAYES v. SEABOARD AIR LINE RY. *ET AL.*

#### (88 S. E. 268.)

1. APPEAL AND ERROR—REVIEW—RULINGS OF COURT—WRONG REASON.— The refusal of a directed verdict, based on a wrong statement of the scintilla of evidence rule, is not error, where there was sufficient evidence to justify it under the correct rule.

2. RAILROADS—INJURIES TO LICENSEES—EVIDENCE—NEGLIGENCE.—In an action for the death of one walking on a path alongside a railroad track provided for the use of the company's employees, but used by others without objection from the company, caused by a fall into an opening in the fill through which another track passed before the company had completed its footbridge over the opening, evidence *held* sufficient to show that defendant was negligent in failing to warn the public who used the path without protest, of the danger.

3. RAILROADS—INJURIES TO LICENSEES—LIABILITY—WARNING.—The fact
that after the accident the railroad company put up a sign at
that place, warning all except employees to keep off, does not relieve
it from liability for the prior injury.

Before GARY, J., Lexington, June, 1915.    Affirmed.

Action by Rosanna Hayes, as administratrix of the estate
of Boliver Hayes, deceased, against the Seaboard Air Line
Railway and another.    Judgment for the plaintiff, and
defendants appeal.    The facts are stated in the opinion.

*Messrs. C. M. Efird* and *Lyles & Lyles,* for appellant,
cite: *As to duty owed intestate, and his contributory negli-
gence:* 67 S. C. 499; 86 S. C. 106.    *Verdict unsupported by
testimony:* 81 S. C. 32; 92 S. C. 291; 99 S. C. 421.

*Messrs. Thurmond, Timmerman & Callison* and *Melton
& Sturkie,* for respondent, cite: 67 S. C. 499, and distin-
guish 58 S. C. 491.    *Issue for jury:* 70 S. C. 264; 85 S. C.
301 and 334; 87 S. C. 174; 99 S. C. 187; 96 S. C. 153;
95 S. C. 135; 87 S. C. 264; 70 S. C. 83; 98 S. C. 279; 98
S. C. 42.

March 10, 1916.
The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This is an action for damages, both actual and punitive,
for the death of plaintiff's intestate.    It appears from the
record that the defendant operates a large yard and shops
at Cayce, just across the river from Columbia; that a con-
siderable portion of railroad is on top of a fill; that on this
fill there are several openings for small streams and one
for the street car track and one for the quarry track of
another road; that the top of the fill is wide and the railroad
company has constructed a walkway for its employees,
many of whom work at Cayce and live in Columbia.    The

walkway is now constructed along the entire way from Cayce to Columbia. Where the cuts in the fill occur, foot-bridges with handrails are provided for the safety and convenience of employees. There is also evidence to show that many others besides the employees use this walkway without objection from the railroad company. At the time of the fatal accident there was no bridge at the opening for the quarry track, where the accident occurred, and ·nothing to warn a person of the opening, and that the deceased who was walking along the sidewalk at night fell into the opening and was so badly injured that he died in a few days. At the time of the accident, the railroad company were putting in the bridges for pedestrians, but the quarry track had not been bridged. What other bridges had been put in was a matter of dispute. There was also a dispute as to whether steps were put in at another opening from the street below to the walkway on the fill. There were, however, steps out in the embankment which were in use. After the bridges were put in, this notice was put up at the bridges:

"Notice to public: This bridge is provided solely for the use of employees while engaged in the performance of their duties. All other persons are warned not to trespass. Seaboard Air Line Railroad."

The case was tried, and a verdict and judgment for the plaintiff rendered. From this judgment this appeal is taken. The questions may be considered under two heads.

1. The appellant complains that in passing upon the motion for nonsuits and directions of verdicts, the presiding Judge said that if there was a "scintilla" or "spark" of evidence, the case must be submitted to the jury, and that this is not the rule. In the recent case of *Dutton* v. *Railroad,* 87 S. E. — (just filed), it is said that the real question for this Court is not what the trial Judge called the necessary evidence, but, was there sufficient evidence? A careful reading of the record will show that

Judge Frank B. Gary, who tried the case and passed upon these motions, was very careful not to prejudice the appellant's cause in the mind of the jury. He therefore said "spark." He did not say there was no more than a spark. It requires great skill sometimes to avoid doing great harm to the cause of one who makes these motions. His Honor, Judge Gary, was exceedingly cautious not to say anything to injure the cause of the appellant.

2. This brings us to the second question: Was there sufficient evidence upon which a reasonable jury could base a verdict in favor of the plaintiff? The evidence was abundant. The appellant had prepared a walkway along its track for the use of its employees. There was evidence that not only its employees, but all who desired to use it did so. In this walkway there was a chasm 20 feet deep, with perpendicular walls, and at its bottom another railroad with iron rails. The necessity for protection was open and apparent to all. The appellant had already put some lumber there to make it safe. Notwithstanding the fact that its dangerous character was known to the appellant, it took no precautions whatever to protect its own employees who had a right to use it or the public who were using it without protest from the appellant.

It is true that there was a notice put there, but it was put there afterwards, and could not affect the plaintiff or her deceased. A notice is to warn people not to do what they might otherwise do. It might well be supposed from the fact of the notice, and also from the fact that this way for pedestrians was the shortest way from Cayce to Columbia, that the public would use it. The notice, if it be considered as a protest of the appellant against the use of its property, referred solely to the bridge. Neither the notice nor the bridge were there at the time complained of. There is evidence that a deputy sheriff had run some people off of the walkway, but there is no evidence that he was, or should have been, an officer or agent

of appellant, or that he had been requested to do what he did by one authorized to speak for it.

The judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and WATTS concur in the opinion of the Court.

MR. JUSTICE GAGE, *dissenting.* I dissent. I think there was no testimony tending to prove negligence.